J-S03007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER POLLER, | |
| Appellant | No. 1181 EDA 2017 |

Appeal from the PCRA Order Entered March 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1124322-1993

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 28, 2018**

Appellant, Christopher Poller, appeals *pro se* from the post-conviction court's March 20, 2017 order denying his petition for writ of *habeas corpus*, which the court treated as untimely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying criminal conviction are not necessary to our disposition of his appeal. The PCRA court summarized the procedural history of Appellant's case, as follows:

> On June 2, 1994, following a jury trial before the Honorable Paul Ribner, [Appellant] was convicted of second degree murder, criminal conspiracy, robbery and possession of an instrument of crime. On December 7, 1994, Judge Ribner imposed a sentence of life imprisonment without parole for the murder conviction, and concurrent terms of imprisonment for the

_____

[*] Former Justice specially assigned to the Superior Court.

other convictions. [Appellant] filed a direct appeal and the Pennsylvania Superior Court affirmed the trial court's judgment of sentence on May 8, 1996.[2] The Pennsylvania Supreme Court denied *allocator* December 20, 1996.[3]

> [2] ***Commonwealth v. Poller***, 679 A.2d 849 (Pa. Super. 1996) (unpublished memorandum).

> [3] ***Commonwealth v. Poller***, 687 A.2d 377 (Pa. 1996).

[Appellant] filed his first *pro se* petition for collateral relief pursuant to the [PCRA] on December 15, 1997. Counsel was appointed and subsequently filed a "no merit" letter pursuant to ***Turner/Finley***.[5] On February 25, 1999, the PCRA court dismissed [Appellant's] petition. The Pennsylvania Superior [C]ourt affirmed the dismissal on October 17, 2000, and the Pennsylvania Supreme Court denied *allocatur* on March 30, 2001.[6] Thereafter, [Appellant] filed several PCRA petitions. All were denied.

> [5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

> [6] ***Commonwealth v. Poller***, 767 A.2d 1112 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 786 A.2d 987 (Pa. 2001).

On December 19, 2016, [Appellant] filed the instant *pro se* PCRA petition, styled as a writ of *habeas corpus*. This court sent a notice of its intent to dismiss[7] the petition as untimely without exception on January 31, 2017. [Appellant] filed a response to the 907 notice on February 10, 2017. The PCRA petition was formally dismissed by this court on March 20, 2017. [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on April 3, 2017.

> [7] Pursuant to Pa.R.Crim.P. 907.

PCRA Court Opinion (PCO), 5/22/17, at 1-2.

The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, but it filed a Rule 1925(a) opinion on May 22, 2017. Herein, Appellant raises the following issue for our review: "The lower court abused

its discretion when it dismissed the petition filed by [] Appellant and pertaining to this instant case." Appellant's Brief at 3.

In the Argument section of Appellant's brief, he contends that the PCRA court erred by treating his writ of *habeas corpus* as a PCRA petition, where his sentencing claim is not cognizable under the PCRA. According to Appellant, the statute under which he was sentenced, 18 Pa.C.S. § 1102(b), "violates due process and is unconstitutional, and void under the vagueness doctrine, because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment 'without parole.'" Appellant's Brief at 7. Appellant avers that the PCRA does not offer relief for this claim, because "the PCRA … provides 'only' for challenges to sentences that have been imposed in excess of the lawful maximum." ***Id.*** at 9 (emphasis omitted). Thus, Appellant maintains that his challenge to the constitutionality of section 1102(b) should have been considered by the lower court as a writ of *habeas corpus* claim.

We disagree. Appellant is challenging the legality of his sentence, and our Supreme Court has stated that, "legality of sentence is always subject to review within the PCRA" even where, as here, the claim is not grounded on an assertion that the sentence exceeds the lawful maximum. ***Commonwealth v. DiMatteo***, 177 A.3d 182, 192 (Pa. 2018) (finding that the appellant was not precluded from obtaining relief under the PCRA where he alleged that his sentence was illegal because the statute under which his sentence was imposed is unconstitutional under ***Alleyne***) (quoting

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)). Therefore, the lower court did not err in treating Appellant's writ of *habeas corpus* as a PCRA petition.

Because Appellant's petition presents a cognizable PCRA claim, we must next assess the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the [Appellant] proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the [Appellant] and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

the time period provided in this section and has been
held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as the PCRA court points out, Appellant's "judgment of sentence became final on or about March 20, 1997, ninety (90) days after the Pennsylvania Supreme Court denied *allocator* and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired." PCO at 4. Therefore, his present petition, filed on August 13, 2015, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant wholly fails to meet this burden, as he does not argue the applicability of any timeliness exception. Instead, he merely claims that his petition does not raise a claim that is cognizable under the PCRA, and he then proceeds to discuss why 18 Pa.C.S. § 1102(b) is unconstitutionally vague. Because, for the reasons stated *supra*, Appellant's sentencing challenge is reviewable under the PCRA, and he fails to plead, let alone prove, the applicability of any timeliness exception, we do not have jurisdiction to address the merits of his sentencing argument. Accordingly, the record supports the PCRA court's decision to dismiss, as untimely, Appellant's petition, and we ascertain no legal error in that determination. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007) (stating

that an appellate court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/18